## Case No. 12,503.

### In re SCHWARTZ.

[4 N. B. R. 588 (Quarto, 189).] [1]

District Court, D. Kansas. 1871.

BANKRUPTCY—EXEMPTIONS—KANSAS.

A merchant doing business and residing in Kansas is not entitled to the special exemption allowed mechanics, miners, or other persons for the purpose of carrying on their trade or business. Such exemption made by an assignee in bankruptcy will be disallowed.

By HIRAM GRISWOLD, Register:

It is admitted and agreed that at the time of the filing of the petition in bankruptcy, M. F. Schwartz, the bankrupt, was a citizen of the state of Kansas, and was and had been domiciled in Kansas for more than one year previous thereto. That he was the head of a family. That he was a retail merchant of dry goods, clothing, hats, caps, boots, and shoes in Wyandotte, Wyandotte county, in said state. That the amount of merchandise, consisting of miscellaneous articles, was selected and set apart by the assignee to the bankrupt from his stock, under and by virtue of the provisions of the eighth subdivision of section 11, pp. 549, 550, Comp. Laws Kan. 1862, and only by virtue of said provisions, and does not exceed four hundred dollars, as appears by the bill and appraisal or report on file herein. That the report of the assignee of the articles set off to the bankrupt by him was made to the court within twenty days after receiving the deed of assignment, with the estimate value of each article.

---

[1] [Reprinted by permission.]

At Leavenworth, in said district, on the 29th day of March, 1871, the register, to whom the matter of the exceptions to the statement of the assignee of the said M. F. Schwartz set apart by him to the bankrupt, as property excepted from the operation of the bankrupt act, to report to the court the facts and the conclusions of law thereon, reports: That he sat at his office in Leavenworth on the 27th day of March, 1871, to hear the matter aforesaid, when Mr. Clough appeared in behalf of the excepting creditors, and W. Hale in behalf of the assignee.

The parties submitted an agreed statement of the facts, which is hereto attached and made part of this report. From this statement of facts it appears that the bankrupt at the time of the filing of the petition in bankruptcy, was a retail merchant, and the property set apart and assigned to him was goods and merchandise, a part of his stock of goods, which up to that time he had been engaged in selling in Wyandotte, in the state of Kansas. This property was set apart to the bankrupt as "stock in trade," and was so set apart under the provisions of the eighth subdivision of section 11 of the exemption statute of the state of Kansas (Comp. Laws 1862). The question, therefore, is fairly raised, whether under the exemption laws of the state in force in the year 1864, and they are the same now, a merchant, in addition to the specific exemptions prescribed by those laws, was entitled to have exempted from execution, etc., stock in trade not exceeding four hundred dollars in value. I am not aware that this provision of the statute of the state of Kansas has ever received a construction from the supreme court of the state, but it has been decided by the district court of the county of Leavenworth that merchants are not of the class of persons specified in the eighth clause of the statute. The district court, in so deciding, has followed the decision of the supreme court of the state of Minnesota on this precise point, made by it in the case of Grimes v. Bryne, 2 Minn. (Gil. 72). That decision was made in December, 1858. The clause in question in the Kansas statute is literally copied from the Minnesota statute. Hence that clause had received a construction in the highest court of the state in whose statutes the provision is first found before its incorporation into the laws of this state. And the legislature of this state is supposed to have made that provision a part of our statute with a knowledge of the construction given to it in its native state, and to have also adopted that construction of the act. But were this an open question, now first presented, I should put the same construction upon the statute. I think it the correct one, and one in harmony with the spirit of the act. In opposition to this view, it is objected that the legislature of Kansas has given a construction to the words "stock in trade," and that by legislative enactment they are to be "construed to mean the same as the words goods and chattels." The legislature did, by an act amendatory of the act to establish a code of civil procedure, on February 25, 1860, declare, that whenever the words should occur in that act in the Code of Civil Procedure, they should be construed to mean the same as the words goods and chattels. I think that cannot be held to be an authoritative interpretation of those words when used in another statute, enacted at another time, and having reference wholly to another subject-matter. But if wrong in this, if these words, "stock in trade," should be held to mean "goods and chattels," the objection made to the claim of the assignee, that these goods were rightfully set apart to the bankrupt, is not removed. The provision would then be, that the class of persons in that clause specified should have set off to them, exempt from seizure on execution, etc., goods and chattels not exceeding four hundred dollars in value. But the question, who are the persons composing this class, and are therefore entitled to this exemption? is still to be met and answered. If language is to be used in its ordinary sense and have any force and meaning, the persons meant are they who "keep and use tools and instruments" ("implements" probably being intended) "for the purpose of carrying on their trade or business." Hence, as was held in the case before cited,—Grimes v. Bryne,—the clause should be construed as though it read thus: The tools and instruments (implements) of every mechanic, miner, or other person to the exercise of whose trade or business tools and implements are necessary, used and kept for the purpose of carrying on his trade or business, etc. If this is a correct construction of the act, as I think it clearly is, then, among the persons intended to be provided for by' the provision of the statute in question, there is no place for a merchant. The only exemptions to which he is entitled are those provided for in other sections, concerning which nothing more can be here said. Hence I report to the court, as a conclusion of law from the agreed statement of facts, that the setting apart of the goods in question to the bankrupt, as excepted from the operation of the bankrupt act, was improperly done, and that the same should be inventoried by the assignee as a part of the estate of the said bankrupt.

John K. Hale, for assignee.
Clough & Wheat, for Henry Bell & Son.

DELAHAY, District Judge. The register in bankruptcy of this court, to whom the matter of the exceptions to the certificate of exempted property, filed by the assignee, was referred, having made his report to the court, said report is approved. And the court being of the opinion that the goods and merchandise mentioned in said certificate of exempted property, valued at three hundred

and ninety-nine dollars and ninety-nine cents, described on pages 4, 5, 6, and 7 of said certificate, set apart by the assignee to be retained by the bankrupt, as excepted from the operation of the bankrupt act, are not, by the provisions of said act, exempted from levy and sale upon execution or other process or order of any court by the exemption laws of the state of Kansas, in force in the year 1864, and are not, by the provisions of said act, exempted from the operation thereof, and should not have been so set apart to be retained by said bankrupt, it is

Ordered, that said certificate of exempted property be amended and corrected by striking from the same all the property described on pages 4, 5, 6, and 7 thereof, and that said assignee inventory and administer upon the same as other property belonging to said estate.

To which decision of the court the said assignee excepts.

(Below we give an extract from the exempt laws referred to in the preceding decision:) Comp. Laws, Kan. 1862, p. 549, § 11: "No property hereinafter mentioned or represented, shall be liable to attachment, execution or sale on any final process issued from any court in this territory. First. The family Bible. Second. Family pictures, school-books, or library, and musical instruments for use of family. Third. A seat or pew in any house or place of public worship. Fourth. A lot in any burial ground. Fifth. All wearing apparel of the debtor and his family, all beds, bedsteads, and bedding, kept and used by the debtor and his family, all stoves and appendages put up or kept for the use of the debtor and his family, all cooking utensils, and all other household furniture not hereinafter mentioned, not exceeding five hundred dollars. Sixth. Three cows, ten swine, one yoke of oxen and one horse, or, in lieu of one yoke of oxen and one horse, a span of horses or mules, twenty sheep, and the wool from the same, either in the raw material or manufactured into yarn or cloth, the necessary food for all the stock mentioned in this section for one year's support, either provided or growing, or both, as the debtor may choose; also, one wagon, cart, or dray, one sleigh, two ploughs, one dray, and other farming utensils, including tackle for teams, not exceeding three hundred dollars in value. Seventh. The provisions for the debtor and his family, necessary for one year's support, either provided or growing, or both, and fuel necessary for one year. Eighth. The tools and instruments of any mechanic, miner, or other person, used and kept for the purpose of carrying on his trade or business, not exceeding three hundred dollars in value, and, in addition thereto, stock in trade not exceeding four hundred dollars in value; the library and implements of any professional man; all of which articles, hereinbefore intended to be exempt, shall be chosen by the debtor, his agent, clerk, or legal representative, as the case may be."